IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM T HOLLIDAY,

    Plaintiff,

v.                                           CASE NO.5:17-cv-4-MP-GRJ

DEPT. OF CORRECTIONS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff William T. Holliday, DOC # P27800, an inmate presently confined at Gulf Correctional Institution, initiated this case by filing a handwritten document construed as a *pro se* Complaint pursuant to 42 U.S.C § 1983, a motion for appointment of counsel, and a motion for leave to proceed as a pauper.  ECF Nos. 1, 2.  The Complaint is 112 pages in length and includes numerous exhibits and legal arguments from other cases.  Florida Northern District Local Rule 5.7(B) states that a complaint, together with any separate memorandum, must not exceed 25 pages unless the Court authorizes it.   The Complaint is also deficient because Plaintiff failed to use this Court's form for prisoner complaints.  Because it is clear that the Complaint is due to be summarily dismissed, Plaintiff will

not be required to correct these deficiencies.

Although Plaintiff's precise claims are difficult to construe, it appears that his claims stem at least in part from an alleged "inheritance scheme" involving an estate that was left to Plaintiff; various prison grievances; and complaints about Plaintiff's underlying conviction.[1]

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[2] Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are

---

[1] The DOC online inmate locator reflects that Plaintiff is serving a 15-year Escambia County sentence for sexual battery and burglary, with a current release date in October 2019.

[2] *See Holliday v. Warden,* Case No. 4:10-cv-264-WS-WCS, Docs. 4, 8 (N.D. Fla. Sept. 13, 2010) (imposing three-strikes bar and citing Plaintiff's previous dismissals that qualify as strikes).

not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Liberally construed, Plaintiff has alleged no facts suggesting that he faces any imminent danger stemming from his present conditions of confinement. Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case

as a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper and appointment of counsel should be **DENIED,** and that this case should be  **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 11th day of January 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**